(77 South. 700)

JENKINS TAXICAB CO. v. ESTES.
(6 Div. 667.)

(Supreme Court of Alabama.　Jan. 17, 1918.)

MASTER AND SERVANT ⬤⟿332(2)—INJURY TO THIRD PERSON — QUESTIONS FOR JURY — SCOPE OF EMPLOYMENT.

Evidence *held* to make jury question whether defendant's servants operating a taxicab were engaged within the scope of their employment when plaintiff was struck by the cab and injured.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Annie G. Estes against the Jenkins Taxicab Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Coleman & Coleman, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

McCLELLAN, J. Plaintiff, appellee, was accorded a judgment against the defendant, appellant, because of physical injuries suffered by her in consequence of a collision between the automobile in which the plaintiff was riding and one of the taxicabs belonging to the defendant. The single matter pressed in behalf of the appellant on this appeal is that there was an entire absence of evidence tending to show that the person or persons in charge of the automobile of the defendant when the collision occurred was acting within the line and scope of his or their employ-

ment. If the appellant is correct in its contention, then, of course, the trial court was in error in submitting this inquiry to the jury. A careful examination of the entire testimony convinces this court that the trial court correctly left the solution of this inquiry to the jury. The single question thus urged involves, as appears, an issue of fact.

There was testimony from which the jury could infer that Shaw, who was in charge of defendant's automobile repair shop, was possessed of the authority of the defendant to employ, gratuitously or otherwise, the defendant's taxicab on the occasion Mrs. Estes was injured. The appellant's contention that Shaw's connection with the defendant extended to a certain hour or a certain occasion preceding the time when he put this car into a service looking to the repair or removal of the car of Tice is refuted by the phases of the testimony tending to show that Shaw was "in charge of the garage of the Jenkins Taxicab Company." In addition to this Nutter was a regular chauffeur in the defendant's service; and the car colliding with the car in which plaintiff was riding was the car he customarily drove. The circumstances surrounding the use of the defendant's car, together with the relation existing between Shaw and Nutter and the defendant, precluded the possibility of the court's affirming as a matter of law that on this occasion Shaw and Nutter, or either of them, were employed in a service outside of the scope of their employment by the defendant.

The judgment is affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.